Charles P. Marr, Counsel for Appalachian. Nina M. Hoskins, Chapter 7 Trustee. All right, good morning. Mr. Brinkman, would you like to reserve any time? Yeah, a few minutes to rebut anything said in opposition, please. All right, so you'll be responsible. Two to three minutes, you'll have to stop yourself. So please go ahead. Okay. Thank you very much, Your Honor. Or I should say collectively, all of you. Thank you for the chance to listen to our argument this morning, and I appreciate your patience. So there are two main thrusts of our appeal. One is substantive, dealing with the limits to which post-petition liens can be theoretically granted and to which actually were granted in this case before the stipulation was done. And then a set of arguments related to the way the stipulation was done procedurally. And let me dive into the substantive argument about where the original cash collateral was and what the scope of the replacement liens were, which lays the foundation for why the debtor could not have stipulated away so many rights, because the secure lender didn't have rights to be given away to. Mr. Brinkman, one of the things that I'd like you to do as you're going through this is for us to figure out what collateral was covered by the bankruptcy judge's order, how do we make that decision without having the transcript? I believe the transcript of the – I thought we submitted transcripts in connection with the appeal. We got one transcript. We got the transcript from the hearing where the judge overruled your objection to the sale regarding the IRS lien. We got no transcripts from the sale hearing, no transcripts from the cash collateral hearing, no transcripts from the motion for reconsideration that the committee filed. And specifically, she said she made findings of fact and conclusions of law at each of those hearings, and she based her subsequent rulings on those. So how do we review that without those? I apologize if we have left those out. I think the key point is where we're at is that there was a limit to what could be granted according to the terms of what is a cash collateral replacement lien. But didn't she rule on that at the cash collateral motion and then again on your motion for reconsideration? And you didn't appeal that. So can you challenge that now having not addressed that by appeal earlier? Is that law of the case? Well, as I – I come to the case as currently an administrative claimant, but during the course of the case, I was selected as committee counsel. The committee wasn't selected at the outset of this case. It was a late form committee a couple months in. We had to deal with the record as was it was. There was a motion seeking use of cash collateral and giving a replacement lien in cash collateral, and the order grants a replacement lien in cash collateral. I think that the core of our argument is that you can't broaden the definition of a code-created section and definition of cash collateral by making findings on the record of – what was not asked for in the motion or granted in the order. You can't – if the motion seeks replacement liens in cash collateral and the order grants that, you can't go back and say, well, we didn't really mean that. There's something on the record that says that really was intended to be an all-assets lien because you didn't give notice that that's the type of lien that you were going to give. Parties couldn't – didn't have the opportunity to object to an all-assets lien because that's not within the scope of what the debtor's cash collateral motion sought. But in this case, the record indicates that the judge thought she was doing that, and we've got – we don't have a transcript of what was argued, but how do we know that there is anything other than what was covered by the broad pre-petition statutory lien of the IRS and proceeds from those assets and cash collateral? How do we know that there really isn't anything else without the transcript and that she did make a finding that everything was covered within the definition of what was in – her definition of cash collateral plus the pre-petition lien of the IRS? You can't broaden through a hearing something that's not in the code, okay? We know that 552, for example, places limits on what a post-petition effective security interest can be. I understand that. I don't mean to cut you off. I understand that argument, but what I guess I'm asking about is it's not broadening the definition, but what she did define, how do we know that that didn't cover everything? How do we know that there's something other than collateral that's other than cash collateral is defined and something other than assets that were covered by the broad pre-petition lien and something other than proceeds from the pre-petition lien? Counsel, the reason why this is important is because you raised these arguments with her after the sale was conducted and while she was considering how she was going to enter orders about distribution, and she said, I've made a record of this already. I've rejected these arguments that you've made. I've heard them. I made findings, and I'm going to rely on those, and we don't have that in front of us. So what are we left to do at this point other than to conclude, obviously those findings were favorable to her position and not to your position, right? No, because you can't go in and create a broader definition than what the relief in the lotion sets forth the scope. It offers to grant a replacement lien and cash collateral. It puts parties on notice on fairly short notice in the context of the beginning of the case that this is the scope of the replacement liens. And so in a case where there is no committee yet, individual unsecured creditors are left to decide with their counsel whether they're going to spend money to go and oppose a cash collateral motion that is only in cash collateral. It cannot be an all-assets lien. They did not offer an all-assets lien in their motion. No matter what was on the record, the court couldn't have gone and said, well, notwithstanding what's in the motion, I think I'm going to make cash collateral broader than what the code said it is. Okay, but what if there's nothing other than cash collateral and assets and prepetition assets that were covered by the statutory lien? You know, was that argued? I mean, she's saying everything's covered by my order, but is there, did she make findings about what type of collateral was being sold? Your argument's in the abstract without any factual basis or support in the record for us to know, no, that finding isn't supported. No, that legal conclusion is beyond what she could have reached. That's where we're struggling. Okay. I thought we had submitted a transcript of the one hearing that was – we have two orders. We have an order on a sale. I thought we had the transcript on the order on the sale. There was no hearing approving the stipulation. It was done without any notice in a hearing. So I kind of understand your argument regarding the original cash collateral hearing, but I'm not sure – I thought we put in the record things regarding what we had appealed. Are you saying you don't have the record on – I understand you're saying there's the original cash collateral, but I thought we had in the record a hearing regarding our objection to the sale. But you're not really objecting to the sale, right? Because the sale's been completed. What you're objecting to is the distribution of the proceeds after the sale. That's what you're really arguing about. Not that the sale we should reverse, but that the proceeds should be distributed differently. And that depends upon her findings about why cash collateral was whatever she decided the IRS lien attached to. She set forth in the prior hearings when she made those determinations, those are the transcripts you didn't provide us. That's what she says at the sale hearing is, this is the same argument I've already rejected at a prior hearing where I made findings of fact and conclusions of law to support it. That's why we're struggling. Well, the hearing that she was referring to at that time was a motion for reconsideration that the committee filed long after the original cash collateral hearing. That hearing I don't think is relevant at all. She had said a variety of things why she wasn't going to reconsider the order. But the long and short of it is that that wasn't the record. Her after the fact denial of a reconsideration isn't the record on the original cash collateral motion. So we didn't provide any record. And what she referred to was what she had talked about in that motion for reconsideration. And we disagree. The motion for reconsideration is kind of irrelevant. All it is is she provides a record of why she didn't think it was timely, why the committee was going to be bound even though the committee was in existence. So we were bound and stuck with the original cash collateral order in the case. But according to the terms of the original cash collateral order, it follows the code-created definition of cash collateral. And you can't go have a hearing that's outside the scope of the requested relief and give someone a lien in cash collateral and then only the people at the hearing have ruling that says, well, we think subjectively cash collateral means more than what the code says is cash collateral. Counsel, didn't they actually, you said the requested relief, but the request was broader than just cash collateral. I see what you're saying is that the order refers to cash collateral, the adequate protection order. But the motion was requesting a replacement lien broader than that. So maybe there is a disconnect between the two. And then in the reconsideration, I thought that, well, I can't tell. Wasn't that issue discussed, what she meant and what was covered by her replacement lien? Okay, so as to the first, I think the motion is very clear that it only seeks to give replacement liens in cash collateral. It does not seek to give a replacement lien in all assets of the debtor. And I think that's clear on the motion, very clear on the motion. And I think we may need to reserve a couple of minutes for the end. So I think we're still going back and forth over the same thing. We're going to reserve a couple of minutes to reply to the opposing argument. All right. Thank you, Mr. Brinkman. All right. And I'm going to ask you if you've decided. You have to split your time, so please let me know how you're going to do that. Yes, Your Honor. Ms. Green and I have decided that we would split it evenly and that I would go first. May it please the Court, I'm Charles Maher on behalf of the Chapter 7 trustee. I think the panel has focused properly on what the record is. And it's pretty clear from the record that has been presented, the motion and the order, that the intent was to cover everything. And tax liens, as broad as they are, are always sort of a bane to a trustee because there's nothing that the lien doesn't touch. And I think it's very clear from the motion that the intent was to cover everything that the IRS lien covered before the petition, after the petition. And there's a reference in the motion to Section 552 and how important the replacement lien was because 552 would cut off the lien post-petition without a replacement. And that's at page 55 to 56 of the excerpt of record. And so I think we all know how, in the moment, things aren't done perfectly when there's a big case like this one with lots of problems. And so is everything done perfectly? Probably not. But I think the intent from the record is very clear that the IRS was going to be in the same position post-petition as it was pre-petition. Which is essentially a lien on everything. And I don't, with respect, Mr. Brinkman didn't talk about the procedural issue. If the Court has questions, if the panel has questions about that, I'm happy to answer them. But I don't think I really have much more to add. Any questions? Well, I mean, there's two procedural issues, right? There's one involving the settlement and the second would be what should they have done. And the judge pointed out below with regard to saying the lien was limited to a certain extent, priority, and that wasn't done below. That wasn't done. And I don't think this was a 1919 issue at all because what was the dispute? And I don't agree that that's just purely a question of law, you know, that would fit within the exception to waiver of the argument. But it wasn't really a compromise. If the IRS had a lien on everything, it was the IRS giving something back to the bankruptcy estate. And what did the debtor's estate get? What did it give up, I should say. Thank you. Thank you. Lots of time. Good morning, Your Honors. Good morning. Tijana Green on behalf of the United States for the Internal Revenue Service. Thank you for allowing us to give your arguments this morning. First, I would just like to say that we defer to the trustee's briefing, and we believe that he's mapped out our arguments fairly accurately. And we agree that the record before the court is an issue, and it's something that we raised. And I think from our perspective, the primary issue dealing with that also is that the bankruptcy court is in the best position to determine the language or interpret its own orders. Ms. Green, let me ask you a question. Okay. We're interpreting the order that referred, you know, the cash collateral replacement order that provides for a replacement lien in the debtor's cash collateral. If that is supposed to be covering everything, why didn't the IRS, and again, as Chapter 7 Trustees Council has argued that the motion was broad that could be all-encompassing, but the cash collateral order could have said if the parties really intended it to cover everything and be as broad as the pre-petition lien, it could have said that. One sentence, one clause would have been enough to say the IRS has granted a post-petition lien in cash collateral and any other property to the same scope as their pre-petition statutory lien. But it doesn't. It just refers to cash collateral. From my recollection of the record in listening to the hearings, as I was not physically present, I was not party at that time, the parties anticipated that issue, and the order stated that the secured creditors would be placed in the same position that they were pre-petition as it related to post-petition assets. I don't think that the order actually says that. It would have been maybe your proceeding council that argued this was right, that things weren't perfect. And I'm troubled by it since things weren't perfect, not having the transcript to figure out what was here. That really troubles me. But things could have been much clearer if the IRS was pushing for a little more language in the order. Understood. I think part of the issue that we're dealing with here is that essentially this appeal is challenging the language of the cash collateral order that was filed, and no opposition was filed either. Well, the committee wasn't in existence at the time of the cash collateral motion. Yes, Your Honor. But at the hearing on a final order to approve the cash collateral order, which was held on March 17th, 2022, and you can see it from the appellee's excerpt, page 11, Jory Cook and Mr. Brinkman were present at that hearing on behalf of Mr. Villagorek, who is an unsecured creditor, and who later became the chairman of the Committee of Unsecured Creditors. So Mr. Brinkman did have an opportunity to raise any issues or objections at the time, but none were filed. And so while I understand that a Committee of Unsecured Creditors was formed at a later date, Mr. Brinkman was party to the case at that time and could have raised any issues that he saw with the proposed order at that time. So in the opinion of the IRS, accounts receivable and work in process are cash collateral. Is that right? Based off of the history of the case and what we understood the court's order to intend, the replacement liens were intended to attach to all assets, including accounts receivable and work in progress, as well as any other property that was listed in the motion provided by the debtor. So if the IRS had a lien on a certain number of accounts receivable and work in process before the case was filed or before the petition, was there ever determination made a specific dollar figure reached, a limit set during the course of these proceedings by the committee, by someone to say, okay, the replacement lien will only be to this extent, will only be for these amounts of these dollar figures, or was it just left undefined, undetermined? What appears to have happened is that the cash collateral order placed all the secure creditors in the same position that they would have been in, in the same priority and same extent. What subsequently happened, the IRS is one of the largest creditors, and we did file a proof of claim, is that we realized that there weren't enough assets to adequately cover all of the secure creditors' claims. And so the IRS actually took a reduction in its claim by way of the stipulation to allow for some of the proceeds to be distributed to the bankruptcy estate. And that figure is changing consistently as the case changes, which the court recognized. But the IRS would be due the balance after a certain amount had been given to the estate and for professionals. Again, I'm troubled by not having the transcript of what the judge was looking at, but just hypothetically, the IRS, well, this part's not hypothetical. The IRS had a very broad statutory lien. Basically, as I understand it, a lien in everything pre-petition, based on statute. And the order that the judge, and that lien, proceeds from those assets may also be covered by the IRS's lien. And then the IRS was also given a lien pursuant to the order in post-petition cash collateral. What if there was some work in progress or work in process that was generated post-petition that wasn't proceeds from the IRS's pre-petition lien and was not cash collateral? I think that Appellant's argument is that there could be something else that's not covered because the order doesn't say that it's as broad as the pre-petition lien. It just says cash collateral. I'm having a hard time trying to figure this out because I don't have the transcripts, but counsel? Understood, and I'll try my best to address that question. I recall, and I'll check this transcript that the appellant did submit, in reaching her determination, you know, the bankruptcy court explained how broad the IRS's statutory lien is. And so it's not unreasonable for the bankruptcy court to then say, if we're issuing replacement liens in the same priority and to the same extent, that that lien would also be as broad as the IRS's statutory lien. And so I think that was the intent of the parties who attended these several hearings discussing the cash collateral order and then later addressing these considerations. And then, again, in the limited opposition to the motion per se. And if it will please the Court, I would just have one more point I'd like to raise. On the issue of whether or not the appellants had an opportunity or if their due process rights were violated, due process requires notice and opportunity to be heard. And in this particular case, the appellants had the opportunity to be heard multiple times, and their objections were considered by the Court. Hearings were held on these issues. And one particular instance, the appellants failed to appear, but the Court took those arguments into consideration. You put your finger on my concern, the pulse. And that is, we have these reconsideration arguments, but we don't have a record that shows whether the judge considered them or not. And without that record, we have to figure out what to do. And I would just direct your attention at least to the last, the transcript that was submitted. The Court does state that, you know, she is, well, it is overruling the objection to the motion for the limited sale, you know, based on a failure to appear, but also for all these other reasons. And in all those reasons, it articulates some of the issues that were raised in the objection to the sale, which had been previously raised in the motion for reconsideration. And those are the arguments on which the appellant now relies. And so they've had an opportunity to be heard. And so their due process rights have not been violated. So by failing to file an appeal of the motion for reconsideration, you know, have they, that issue was decided at that time. What was the extent of the lien, the postpetition replacement lien, right? So can they challenge it again in the sale motion and then now on appeal? Is it too late? We'd argue that it is too late to challenge an issue that's already been determined for which no appeal has been filed. The way the appeals that are presently before the Court appear to work out is just another bite at the apple because, for whatever reason, an appeal wasn't raised earlier. Thank you. Thank you. Any more questions? Thank you very much. Thank you. Okay, Mr. Brinkman, you've got about two minutes. Okay. Thank you. All right, so coming back in the limited time, first the motion for reconsideration really didn't, was not something that focused on the issue that we're dealing with on this appeal. This appeal is whether work in progress is within the scope of a cash collateral lien. Okay. That was not anywhere to be argued, not part of the record, and the motion is a very generic motion for reconsideration. And specifically, we came back at that time and said, you know, the motion and the original order limit the scope of the relief that could be granted. The motion did not seek for a replacement lien in all assets, and no matter what they might have subjectively thought they were doing at the hearing, you can't go beyond the scope of what the original motion sought. And the original order limits the scope of the relief, the motion limits the relief to just cash collateral, and that is not an all assets definition. Is there anything else the court would like me to address in the limited time I have left? Any more questions? No. No. Whatever you'd like to tell us. Okay. All right.  All right. Thank you. You've used up your time, and so this matter will be submitted. Thank you both. Thank you all very much for your good arguments, and we'll issue a decision promptly. Thank you. Thank you, Your Honors. Thank you. Madam Clerk, could you call the next case, please?
judges: BRAND, GAN, and CORBIT